Justice FLAHERTY
with whom Justice ROBINSON joins,
concurring.
I concur with the opinion of the Court in this case and observe that the trial justice followed this Court’s remand in State v. Bojang, 83 A.3d 526 (R.I.2014) (Bojang I). However, and at the risk of sounding repetitive, I take this opportunity to express my opinion that this case remains a textbook example of why custodial interrogations, whenever possible, should be video recorded in their entirety. Had that been done here, I am confident that this case would not have precipitated two appeals to this Court.
It is significant that the Rhode Island Police Accreditation Commission has recommended that police departments require that their officers videotape interviews with individuals suspected of *182 committing ■ capital offenses.[1] And the Department of Justice now presumes that its law enforcement agents will electronically record custodial interrogations.[2] When this Court issued its opinion in Bojang I, eighteen jurisdictions in this country either required recorded confessions by constitutional interpretations, statute, court rule, or mandated jury instructions on the scrutiny to be applied to unrecorded confessions.[3] Since then, three more jurisdictions have, in one way or another, restricted or discouraged the use of unrecorded confessions.[4] We should do so as well.

. See Rhode Island Police Accreditation Commission, RIPAC, Accreditation Standards Manual, Ch. 8, § 8.10 at 44-46 (May 2013), available at http://ripolicechiefs.org/wp-content/uploads/2015/1 l/RIPAC-Accreditation_Standards_ManuaLFirst_ Edition_May_2013.pdf (last visited April 13, 2016).

. See Press Release, Department of Justice, Attorney General Holder Announces Significant Policy Shift Concerning Electronic Recording of Statements (May 22, 2014), available at http://www.justice.gov/opa/pr/attomey~ general-holder-announces-significant-policy-shift-conceming-electronic-recording (last visited April 13, 2016).

.Cal.Penal -Code § 859.5(a) (West Supp. 2016) ("Except as otherwise provided in this section, a custodial interrogation of a minor, who is in a fixed place of detention, and suspected of committing murder * * * shall be electronically recorded in its entirety."); Utah R. Evid. 616(b) ("[Ejvidence of a statement made by the defendant during a custodial interrogation in a place of detention shall not be admitted against the defendant in a felony criminal prosecution unless an electronic recording of the statement was made and is available at trial.”); Vt. Stat. Ann. tit. 13, § 5585(b)(1) (2015) (Providing that a custodial interrogation that occurs in a place of detention concerning the investigation of a homicide or sexual assault shall be electronically recorded in its entirety.)